Case 2:20-cv-00139   Document 45   Filed on 01/13/21 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
January 13, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MICHAEL MCCANN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-139 |
| § | |
| TANYA LAWSON, *et al*, § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

Plaintiff Michael McCann, proceeding pro se and *in forma pauperis*, filed suit pursuant to 42 U.S.C. § 1983 against Defendants Dr. Isaac Kwarteng, Tanya Lawson, J. Chapa, Samuel Gregory, and John or Jane Doe, in their official and individual capacity, for deliberate indifference to his serious medical needs and retaliation in violation of his Eighth Amendment rights. D.E. 1. McCann seeks money damages along with injunctive relief in the form of a transfer from the Jester 3 Unit back to the McConnell Unit. D.E. 1. McCann also filed a motion for preliminary injunction against Dr. Lannette Linthicum, Dr. Owen Murray, and Dr. Brian O'Donnell, seeking treatment with vancomycin and amputation of an infected toe to avoid further spread of his infection.[1] D.E. 11.

United States Magistrate Judge Jason B. Libby held a *Spears*[2] hearing and added Dr. Linthicum, Dr. Murray, and Dr. O'Donnell as additional defendants capable of providing injunctive relief. D.E. 17, p. 27–29. The Magistrate Judge issued a

---

[1] The Magistrate Judge ordered the Office of the Attorney General to submit a *Martinez* report, pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), to assist the Court in evaluating the motion for preliminary injunction.
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Memorandum and Recommendation (M&R),[3] recommending that the Court:

- Retain McCann's Eighth Amendment claims of deliberate indifference against Dr. Kwarteng and J. Chapa in their individual capacity;
- Retain McCann's Eighth Amendment claim for injunctive relief against Dr. Linthicum, Dr. Murray, and Dr. O'Donnell in their official capacity;
- Deny McCann's motion for preliminary injunction; and
- Dismiss all other claims.

D.E. 32.  Pending before the Court are McCann's objections to the M&R. D.E. 37.  For the reasons discussed below, the Court ADOPTS the findings and conclusions in the M&R.

## DISCUSSION

To state a proper objection to an M&R, a party must identify an error in a finding of fact or conclusion of law that is relevant and material to the decision and then support the objection with an argument and relevant citations of legal authority and/or record references. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (indicating that parties filing objections must specifically identify those findings objected to, and a court need not consider frivolous, conclusive, or general objections).  McCann sets forth 29 objections.  The majority of the objections are directed to arguments presented by Defendants, rather than to any finding or conclusion of the Magistrate Judge.  Many also repeat his allegations and rendition of the facts without showing how that changes the M&R's analysis.  Some objections raise criticisms regarding his

---

[3] The Magistrate Judge conducted screening under 42 U.S.C §1997e(c), 28 U.S.C. §1915(e)(2), and 28 U.S.C. §1915A.

incarceration which are outside the scope of his complaint. And most are stated without legal or factual references.

After reviewing the objections and construing them liberally in McCann's favor, the Court has discerned that he has stated five objections:

1. The M&R is silent on, and fails to recommend retaining, his gross negligence claim (objection 1);
2. The record failed to include five grievances. McCann has been denied access to those records and was not permitted to supplement the record with those grievances. Those documents would provide evidence of his retaliation, deliberate indifference, and gross negligence claims (objections 1, 12, 15, 18);
3. The Magistrate Judge erred in finding that Lawson was not personally involved in McCann's health care because her actions knowingly delayed treatment (objections 16, 20);
4. The Magistrate Judge erred in reciting that McCann's transfer to the Jester Unit was to a type three single-level medical facility because the Jester Unit facility was worse for McCann, medically and otherwise (objection 26); and
5. The Magistrate Judge's rejection of the request for injunctive relief was improper because McCann has demonstrated retaliation and deliberate indifference to his serious medical needs, resulting in the threat of irreparable harm (objection 29).

In McCann's first objection, he argues that the Magistrate Judge failed to incorporate an analysis of his gross negligence allegations. D.E. 37, p. 1. The objection is OVERRULED because McCann filed a civil rights suit under § 1983 for denial of adequate medical care. D.E. 1. The standard for determining such an action is deliberate indifference, not gross negligence. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

Second, McCann indicates that the Magistrate Judge failed to review the five grievances cited by Dr. Glenda Adams in the *Martinez* report because they were not

included as part of the report. D.E. 37, p. 1. McCann did not submit these grievances with his objections, nor did he indicate what information they contain. If McCann contends that these grievances support his claims, he has not carried his burden to provide the necessary documentation or information for the Court to review. FED. R. CIV. P. 72(b)(2); *see Cortes-Rivera v. Dep't of Corr. & Rehab. of P.R.*, 626 F.3d 21, 27 (1st Cir. 2010) (indicating that a party objecting to a magistrate judge's recommendation must adequately brief the issue to the district court or risk waiver).

Further, at the *Spears* hearing, the Magistrate Judge asked McCann to clarify and expand on his claims against all defendants. Any relevant information contained in these grievances should have been disclosed at that time. Finally, to the extent that McCann seeks review of the grievances for the purpose of making complaints about the administration of the grievance process, the Magistrate Judge properly observed that such arguments do not support a constitutional claim. McCann has not submitted any authority to the contrary. Therefore, McCann has not offered any legal reason to investigate the content of the grievances. The Court OVERRULES McCann's second objection.

Third, McCann alleges that Lawson delayed his medical treatment. D.E. 37, p. 1. More specifically, McCann filed an I-127 grievance seeking medical care, and Lawson denied this request and stated that his injury was not urgent. D.E. 37, p. 1; D.E. 38-4, p. 2. Lawson is a senior practice manager at the McConnell Unit, and her duties are administrative in nature. While she is responsible for reviewing medical grievances and

complaints, she does not provide medical care to inmates. D.E. 20-2, p. 13-15; D.E. 20-30, p. 1–3.

McCann's allegations regard Lawson's failure to provide relief in connection with grievances. These allegations do not support a constitutional claim. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (indicating that prisoners do not have a federally protected interest in having grievances investigated or resolved); *Dugas v. Cain*, No. 09-0177, 2010 WL 4695313, at *5 (M.D. La. Oct. 20, 2010), report and recommendation adopted, No. 09-177-BAJ-CN, 2010 WL 4704446 (M.D. La. Nov. 12, 2010) ("any claim regarding the alleged failure of the defendants to properly address, investigate or respond to his complaints or administrative grievances regarding his medical care is without legal foundation").

McCann did submit six I-60s. D.E. 38. Five of the six I-60s are directed towards Lawson as follows:

- The first (D.E. 38-2) complains of the denial of his "simple refill" of a pain prescription for his diabetic neuropathy and carpel tunnel syndrome. Lawson's response was that the lockdown delayed appointments for 14 days and McCann refused his appointment.

- The second and third (D.E. 38-3) complain again of the refill denial and being delayed because of lockdown, to which Lawson responded that McCann had refused the appointment he was given.

- The fourth and fifth (D.E. 38-4) complain of blood poisoning and blood and pus discharge from his toe. The fifth I-60 states that Lawson failed to redress his I-127 grievances. The records are unclear, but it appears that Lawson responded that he had not disclosed this aspect of his condition in previous I-60s, and she is not responsible for making treatment decisions. She further appears to recount McCann's failure to take advantage of health care appointments that were scheduled for him.

As stated above, Lawson does not provide medical care to inmates. And as stated in the M&R, she "was not personally involved in the decisions made by the prison's medical personnel in treating" McCann. D.E. 32, p. 18. Thus, this evidence does not support a claim against her.

In McCann's fourth objection, he objects to the statement in the M&R that he "was transferred to a single level medical facility". He states that living conditions at the Jester Unit facility are worse than the living conditions at the McConnell Unit. D.E. 37, p. 3–4. And he was transferred there in retaliation for filing grievances.

The Magistrate Judge recommended that the Court deny McCann's retaliation claims because McCann was transferred to the Jester Unit for medical reasons, he was receiving the medication he requested, and he offered no specific factual allegations to render probable his claim that his transfer was retaliatory. D.E. 32, p. 22–23. The Court OVERRULES McCann's objection.[4]

Finally, McCann objects to the Magistrate Judge's recommendation to deny a preliminary injunction. To obtain a preliminary injunction, the moving party must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) the grant of an

---

[4] McCann makes a brief reference that his First Amendment rights were violated based on the retaliation for filing his grievances. D.E. 37, p. 3. McCann presents this argument for the first time in his objections and thus the issue is not before the Court. *Finley v. Johnson,* 243 F.3d 215, 219 n.3 (5th Cir. 2001) ("issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (declining to address issues raised for the first time in objections to the magistrate judge's findings, conclusions, and recommendations).

injunction will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

The Magistrate Judge found that McCann failed to meet the requirements for all four elements. D.E. 32, p. 24-27. McCann argues that he will suffer irreparable harm if his motion for preliminary injunction is denied because of the lack of medical care. D.E. 37, p. 4. The Magistrate Judge found that McCann will not suffer irreparable harm because he is currently receiving ongoing and extensive medical care for his complaints. D.E. 32, p. 26–27. The Court finds that the evidence supports the Magistrate Judge's finding. McCann did not address the Magistrate Judge's findings regarding the other remaining elements. The Court OVERRULES McCann's final objection.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, McCann's objections, and all other relevant documents in the record, the Court OVERRULES McCann's objections and ADOPTS the findings and conclusions of the Magistrate Judge. Accordingly, the Court RETAINS the following claims:

1. McCann's Eighth Amendment claims of deliberate indifference against Dr. Isaac Kwarteng and J. Chapa in their individual capacities; and

2. McCann's Eighth Amendment claims for injunctive relief against Dr. Lannette Linthicum, Dr. Owen Murray, and Dr. Brian O'Donnell in their official capacities as the party or parties able to provide the injunctive relief should McCann prevail.

And the Court ORDERS that:

1. McCann's claims for money damages against all defendants in their official capacities are DISMISSED as barred by the Eleventh Amendment;

2. The John or Jane Doe Defendant is DISMISSED from this action;

3. McCann's claims against the remaining Defendants are DISMISSED for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and

4. McCann's Motion for Preliminary Injunction (D.E. 11) is DENIED.

ORDERED this 13th day of January, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE